IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John Moody, | ) |
| | ) Civil Action No. 6:09-702-MBS-WMC |
| Plaintiff, | ) |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| J. Edward Darnell, Sheriff; T. Ben Hay; Norris Williams; Todd Brown and Unknown Deputies; Gary Brown, Jail Director; Unknown Jail Staff, Individually, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the defendants' motion for partial dismissal (doc. 8). The plaintiff, who is represented by counsel, alleges causes of action against J. Edward Darnell, Sheriff of Bamberg County ("Sheriff"); deputies Ben Hay, Norris Williams, Todd Brown, and "unknown deputies"; Gary Brown, Director of the Bamberg County Detention Center; and "unknown jail staff." This case arises from the plaintiff's arrest on a warrant for failure to pay child support. The plaintiff alleges the defendant deputies caused their dog to attack him. The plaintiff's first, second, fifth, and sixth causes of action are actions for relief under 42, United States Code, Section 1983; his third and fourth causes of action are for intentional infliction of emotional distress; and his seventh through twelfth causes of action are for negligence.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The defendants have moved for dismissal of the seventh through twelfth causes of action as to all defendants pursuant to statutory law and Federal Rule of Civil Procedure 12(b)(1) and (6) and for dismissal of the action in its entirety as to defendants Darnell, Hay,

Williams, Todd Brown, "unknown deputies," and "unknown jail staff." The plaintiff filed opposition to the motion to dismiss but does not address the defendants' argument as to the statute of limitations.

***Seventh through Twelfth Causes of Action***

The plaintiff's ninth through twelfth causes of action are allegations of negligence against the Sheriff and the Detention Center Director. The Sheriff is a state constitutional officer, and his deputies are employed under the Sheriff. The Detention Center Director and jail staff are all employees of the County of Bamberg. The defendants are all government employees as defined under the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. § 15-78-30(c). The SCTCA constitutes the exclusive remedy for torts committed by a government employee acting within the scope of his official duties. *Id.* § 15-78-70(a). In such a case, the agency or political subdivision for which the employee was acting is the proper party defendant. *Id.* § 15-78-70(c). Here, as argued by the defendants and discussed below, substitution of the employer as a defendant would not avail the plaintiff in this case because the claims are barred by the statute of limitations.

Under the SCTCA, an action must be commenced within two years[1] of the incident giving rise to the cause of action. S.C. Code Ann. §§ 15-78-100 and 15-78-110; *Hackworth v. Greenville County and Greenville County Sheriff's Department*, 637 S.E.2d 320, 322 (S.C. Ct. App. 2006). The plaintiff filed this action on March 20, 2009, and alleges the incident giving rise to the suit occurred on March 20, 2006. The plaintiff does not address the statute of limitations argument in his brief in opposition to the motion to dismiss. Based upon the foregoing, the motion to dismiss should be granted as to the plaintiff's ninth through twelfth causes of action.

---

[1] If a plaintiff files a statutorily-defined verified claim within one year of the loss or injury, the statute of limitations is extended to three years. *See* S.C. Code Ann. §§ 15-78-80, 15-78-110. There is no indication in this case that the plaintiff filed a verified claim.

2

In the plaintiff's seventh cause of action, he alleges the defendant deputies' actions were "intentional, gross and malicious" in attacking him with "a vicious dog." In his eighth cause of action, he alleges the defendant jail staff refused to provide medical treatment for his wounds and that their actions were "intentional, gross and malicious and in complete disregard of [his] wellbeing." The SCTCA does not grant an employee "immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). In such a case, a government employee can be held personally liable. Based upon the allegations in the complaint, the SCTCA statute of limitations would not apply to these claims. The statute of limitations for a negligence claim is three years, and therefore these claims would be timely. *Id.* § 15-3-530(5). Based upon the foregoing, the motion to dismiss should be denied as to the seventh and eighth causes of action.

***Defendants Darnell, Gary Brown, and Todd Brown***

The defendants next argue that the plaintiff fails to make any allegation of personal involvement that constituted the intentional infliction of emotional distress on the part of Sheriff Darnell, Gary Brown, and Todd Brown. The defendants argue that intentional infliction of emotional distress is an intentional tort of a personal nature, not in furtherance of an employee's business, for which these defendants cannot be vicariously liable. As argued by the defendants, pursuant to the SCTCA, there would be no liability on the part of the government entity employer for such a tort. *See* S.C. Code Ann. § 15-78-60(17). This court agrees. Based upon the foregoing, Sheriff Darnell, Gary Brown, and Todd Brown should be dismissed from the third and fourth causes of action for intentional infliction of emotional distress.

3

The defendants further argue that Sheriff Darnell and Detention Center Director Gary Brown cannot be held liable under a *respondeat superior* theory on the Section 1983 claims. The doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). However, these defendants could potentially be held liable under a supervisory theory of liability. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994). The plaintiff argues that he expects discovery to show that Sheriff Darnell and Director Brown "were aware of their personnel actions against him, and that they each were complicit as participants for . . . failing to halt and correct such actions." This court finds that the plaintiff's pleading is sufficient to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... [f]actual allegations must be enough to raise a right to relief above the speculative level."). Based upon the foregoing, the motion to dismiss should be denied on this basis.

The defendants argue that Sheriff Darnell and his deputies are entitled to Eleventh Amendment immunity.[2] This court agrees. The Fourth Circuit Court of Appeals has held that South Carolina sheriffs are State agents and are not amenable to suit in federal

---

[2]The plaintiff argues that the defendants should not be granted qualified immunity in their individual capacities on the Section 1983 claims (pl. resp. m. to dismiss 1-2). However, as the defendants did not move to dismiss on that basis, the issue will not be addressed.

court by virtue of the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996) ("Sheriff Brown is an arm of the State."). Further, in *Gulledge v. Smart,* 691 F.Supp. 947, 955 (D.S.C. 1988), the district court concluded that deputy sheriffs are agents of the sheriff and therefore under state, not county, control. Accordingly, they are entitled to Eleventh Amendment immunity from monetary damages for actions in their official capacities absent some statutory waiver. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The plaintiff seeks solely monetary damages in this case, and no statutory waiver exists. Based upon the foregoing, defendant Sheriff Darnell and his deputies are immune from suit under Section 1983 for money damages. Accordingly, the defendants' motion to dismiss should be granted as to Sheriff Darnell and his deputies in their official capacities.

Lastly, the plaintiff has named as defendants "unknown deputies" and "unknown jail staff." The plaintiff's complaint was filed on March 20, 2009. The plaintiff has failed to serve these defendants within 120 days as required under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 4(m). Accordingly, "unknown jail staff" and "unknown deputies" should be dismissed as defendants from this action pursuant to Rule 12(b)(4) and (5).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this court recommends that the defendants' motion to dismiss (doc. 8) be granted in part and denied in part as set forth above.

s/William M. Catoe
United States Magistrate Judge

December 2, 2009

Greenville, South Carolina

5