IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Moody, ) | |
| ) | C/A No. 6:09-702-MBS-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J. Edward Darnell, Sheriff; T. Ben Hay; ) | |
| Norris Williams; Todd Brown and ) | **O R D E R** |
| Unknown Deputies; Gary Brown, Jail ) | |
| Director; Unknown Jail Staff, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

Plaintiff John Moody filed the within complaint on March 20, 2009, alleging that he was attacked by a police dog and sprayed with pepper spray multiple times incident to his arrest in Denmark, South Carolina, on a warrant for failure to pay child support. Plaintiff alleges that he required medical treatment and that his wounds did not heal for months. Plaintiff asserts causes of action for (1) violation of his constitutional rights, pursuant to 42 U.S.C. § 1983 (First and Second Causes of Action); (2) intentional infliction of emotional distress (Third and Fourth Causes of Action); (3) conspiracy to violate his constitutional rights, pursuant to 42 U.S.C. § 1985 (Fifth and Sixth Causes of Action); (4) negligence (Seventh and Eighth Causes of Action); (5) negligent hiring and retention (Ninth and Tenth Causes of Action); and (6) negligent supervision and training (Eleventh and Twelfth Causes of Action). Defendant J. Edward Darnell is Sheriff of Barnwell County. Defendants T. Ben Hay, Norris Williams, and Todd Brown are deputies of Barnwell County. Defendant Gary Brown is Director of the Bamberg County Detention Center.

This matter is before the court on motion for partial dismissal filed by Defendants on July 13, 2009. Defendants move to dismiss the Seventh through Twelfth Causes of Action as to all Defendants and to dismiss the action in its entirety as to Defendants Darnell, Hay, Williams, Todd Brown, Unknown Deputies, and Unknown Jail Staff. Plaintiff filed a response in opposition to Defendants' motion to dismiss on August 20, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On December 2, 2009, the Magistrate Judge issued a Report of Magistrate Judge in which he determined that (1) the Ninth through Twelfth Causes of Action are barred by the two-year limitations period set forth in S.C. Code Ann. §§ 15-78-100 and -110 of the South Carolina Tort Claims Act, and the motion to dismiss should be granted as to these causes of action; (2) the Seventh and Eighth Causes of Action are governed by the three-year limitations period set forth in S.C. Code § 15-3-530(5), and the motion to dismiss should be denied as to these causes of action; (3) there could be no vicarious liability on the part of Defendants Darnell, Gary Brown, and Todd Brown for intentional infliction of emotional distress, and the motion to dismiss these Defendants with respect to the Third and Fourth Causes of Action should be granted; (4) Defendants Darnell and Gary Brown could be held liable under a supervisory theory of liability on the § 1983 and § 1985 claims, and the motion to dismiss should be denied as to them with respect to the First, Second, Fifth, and Sixth Causes of Action; (5) Defendants Darnell, Hay, Williams, and Todd Brown are entitled to Eleventh Amendment immunity in their official capacities, and the motion to dismiss should be granted as to this issue with respect to the First, Second, Fifth, and Sixth Causes of Action; and (6) Defendants "Unknown Deputies" and "Unknown Jail Staff" have not been served within 120 days after the complaint was filed as required

by Fed. R. Civ. P. 4(m), and the motion to dismiss should be granted as to this issue. No party filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record. The court adopts the Report of Magistrate Judge and incorporates it herein by reference. Defendants' motion to dismiss is granted in part and denied in part, as set forth herein and in the Report of Magistrate Judge. The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 20, 2010.